# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BANKS, JUDY BANKS, ROGER MCCARREN, and LARRY MEYER, | (Consolidated) Civil Action No. 3:08-CV-1110 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE MANNION) |
| KAREN GALLAGHER, ANTHONY MARIANO, WILLIAM STADNITSKI, and DICKSON CITY BOROUGH, | |
| Defendants. | |

*************************************************************************************

| | |
|---|---|
| EDWARD J. KRAFT, Jr., | |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| KAREN GALLAGHER, ANTHONY MARIANO, and DICKSON CITY BOROUGH, | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are the Report and Recommendation ("R&R") of U.S. Magistrate Judge Mannion (Doc. 137), and Defendants Karen Gallagher ("Gallagher") and Anthony Mariano's ("Mariano") Objections to the R&R (Doc. 142). The R&R recommends that Defendant Mariano's Motion for Summary Judgment (Doc. 66) and Defendant Gallagher's Motion for Summary Judgment (Doc. 69) be granted in part and denied in part. The R&R will be adopted, and the motions will be granted in part and denied in part.

# BACKGROUND[1]

Plaintiffs Richard Banks ("Banks"), Julia Banks ("Mrs. Banks"), Larry Meyer ("Meyer"), and Roger McCarren ("McCarren") are members of a group of "open carry" gun advocates. Defendants Gallagher and Mariano are police officers for Dickson City Borough.

On May 9, 2008, Plaintiffs executed a plan to bring members of the group, armed, into the Old Country Buffet in Dickson City during the dinner hour. (Def. Mariano's Statement of Facts ¶ 1, Doc. 68.) After receiving numerous calls from patrons who were worried, Gallagher and Mariano were dispatched to the Old Country Buffet. Upon arrival, Defendants noticed several visibly armed individuals. After speaking with the officers, the members of the group accompanied the officers out into the vestibule for privacy. Defendants assert that they requested the group members to accompany them (Gallagher Dep. 93:5-10, Nov. 11, 2008), while Plaintiffs assert that they were ordered to follow (Larry Meyer Dep. 13:16-17, Nov. 13, 2008). At least one of the gun carrying group members simply chose to ignore Mariano's request and continued to sit at the table. (Meyer Dep., 14:4-7.) Once out in the vestibule, Defendants spoke with the Plaintiffs about why they were armed and reviewed the identification of at least some of the Plaintiffs. (Doc. 66, Ex. 4.)

Banks was not present at the table when the Defendant arrived, but was told that others had gone out to the vestibule so he followed. (Banks Dep. 50:8-10, Dec. 1, 2008.) While there, Banks asserted that the group members need not show weapons permits if they were openly carrying firearms. (Doc. 66, Ex. 4.) Mariano asserts that Banks refused

---

[1] The Court adopts the statement of facts found in Magistrate Judge Mannion's R&R, much of which is undisputed by the parties. The Court describes here only the background factual information relevant to its *de novo* analysis of Plaintiffs' Fourth Amendment claims at Count I and Defendants' qualified immunity defense.

to identify himself after numerous requests and was therefore taken into custody. (Mariano Dep. 53:7-13, Nov. 11, 2008.) Banks asserts that he verbally identified himself several times. (Banks Dep. 185:17-25.) Gallagher was the officer that handcuffed Banks. (Mariano Dep. 54:2-4.) After being handcuffed, Banks was disarmed, searched, and placed into Gallagher's patrol car. (Mariano Dep. 54:19-55:2; Banks Dep. 187:21-188:1.)

Meyer was at the table when Mariano asked everyone to go outside. (Meyer Dep. 13:4-10.) Meyer got up and went into the vestibule. (Meyer Dep. 13:20-21.) When in the vestibule, Meyer was told by Mariano that they were being detained. (Meyer Dep. 23:13-17.) Mariano also stated to him that refusing to identify yourself can result in an arrest. (Meyer Dep. 27:12-16.) After Gallagher handcuffed Banks, the remaining men gave Officer Mariano "all the ID that he wanted." (Meyer Dep. 27:20-22.) Meyer gave Mariano his license to carry. (Meyer Dep. 28:18-20.) No officers took down the serial weapon or otherwise seized Meyer's weapon. (Meyer Dep. 33:20-23.)

McCarren was in the vestibule with the other group members. (Meyer Dep. 23:12-18.) Gallagher first came over to McCarren and took him outside to get the serial number off his firearm. (Meyer Dep. 35:13-19.) At some point, Gallagher ran the serial number of McCarren's firearm which revealed that the weapon was registered to his wife. Gallagher then went to find McCarren, and told him that if someone was carrying a weapon, it needed to be registered to them. (Gallagher Dep. 120:9-17.) Gallagher asserts that she asked McCarren to step outside to discuss it with her. (Gallagher Dep. 121:20-22.) McCarren asserts that he was ordered outside. (McCarren Dep. 40:4-6.) Gallagher asserts that during this second encounter outside she asked McCarren to turn and face the wall so that she could retrieve the weapon from its holster. (Gallagher Dep. 123:22-124:5.) McCarren

3

asserts that he was ordered against the wall. (McCarren Dep. 42:7-13.) After retrieving the weapon, Gallagher gave it to another officer who unloaded it and placed in Mariano's car. (Gallagher Dep. 123:22-124:5.)

## LEGAL STANDARD

### I. Review of Report and Recommendation

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (McClure, J.). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

4

**II. Motion for Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving

party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**I.     Objections to the R&R**

Defendants' objections to the R&R raise two issues. First, that the R&R errs by addressing only the seizure prong of Plaintiffs Fourth Amendment claims, without considering whether there was reasonable suspicion. Second, the R&R fails to consider the defense of qualified immunity as to Plaintiffs' Fourth Amendment claims. Because each of these objections relates to Plaintiffs' claims at Count I under the Fourth Amendment, I will conduct a *de novo* review of Defendants' motion for summary judgment at Count I.

A. Fourth Amendment Background

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend. IV. "The Fourth Amendment's requirement that searches and seizures be founded upon objective justification, governs the seizures that involve only a brief detention short of traditional arrest." *United States v. Mendenhall*, 466 U.S. 544, 551 (1980). Where the encounter between the police and the person questioned is consensual in nature, no Fourth Amendment claim arises. *Florida v. Bostik*, 501 U.S. 429, 434 (1991). In order to

prevail on a unlawful detention claim, Plaintiffs must demonstrate evidence that: (1) a Fourth Amendment seizure occurred, and (2) the seizure was without probable cause. *Gavlock v. Deniker*, Civ. A. No. 4:04-CV-02447, 2005 WL 1273582, at *2 (M.D. Pa. May 27, 2005) (McClure, J.) (citing *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)).

The R&R recommends, and the parties do not dispute, that there are genuine disputes of material fact as to whether the Plaintiffs or their property were seized. I agree that summary judgment may not be granted to the Defendants on these issues. Defendants are correct, however, that it is also necessary to determine whether the Defendants had reasonable suspicion or probable cause sufficient to seize Plaintiffs or their property. If sufficient suspicion existed, whether there was a seizure is irrelevant because Plaintiffs' Fourth Amendment rights would not have been violated. Therefore, I will consider whether the evidence presented demonstrates sufficient suspicion for the seizures occurring for each Plaintiff.

B. Reasonable Suspicion

Defendants correctly argue that the existence of reasonable suspicion to detain the Plaintiffs would defeat Plaintiffs claims under the Fourth Amendment. A short detention of a citizen without probable cause does not violate the citizen's Fourth Amendment rights if there is reasonable suspicion that criminal activity is occurring. *Terry v. Ohio*, 392 U.S. 1 (1968). Defendants argue that the totality of the circumstances observed in the restaurant created reasonable suspicion to detain Plaintiffs. Plaintiffs correctly argue that the mere presence of a firearm where one may be lawfully carried has been held insufficient to create reasonable suspicion. *U.S. v. Ubiles*, 224 F.3d 213, 218 (2000). However, even purely lawful activities, when considered in the totality of the circumstances, may be sufficient to

7

create justification for a stop. *U.S. v. Mathurin*, 561 F.3d 170, 174 (3d Cir. 2009) (innocent activity taken together may give rise to reasonable suspicion).

Reviewing the evidence on the record in the light most favorable to the non-moving parties, the Plaintiffs, this Court finds that genuine disputes of material fact remain as to whether there was reasonable suspicion to detain Plaintiffs. The only relevant factor clearly demonstrated by the record is the fact that a number of individuals sitting together in a public place were carrying firearms. As noted above, the mere presence of a number of armed individuals cannot be said to create sufficient justification for detention or seizure of the firearms. But neither can it be said that the Defendants lacked reasonable suspicion, since other factors such as the demeanor of the Plaintiffs, the specific responses made to questions, and other similar information would necessarily be part of any such evaluation. Furthermore, the point at which Plaintiffs were seized, if at all, may also be significant because it might limit the information that may be considered in the reasonable suspicion calculation. Therefore, I find that summary judgment is inappropriate based upon the existence of reasonable suspicion.

The only portion of Plaintiffs' claims at Count I appropriate for summary judgment based upon the present record is Plaintiff Meyer's claims against Defendant Gallagher. Unlike the claims by Banks and McCarren which are supported by evidence that both Gallagher and Mariano seized them or their property, Meyer presents no evidence that Gallagher, rather than Mariano, seized him or his property. Therefore, I will grant Gallagher's motion for summary judgment as to Meyer's claims at Count I.

### C. Qualified Immunity

Defendants also object to the R&R and argue that qualified immunity should be considered as a defense to the Fourth Amendment claims as well. To determine if the Defendants are shielded by qualified immunity, the Court must apply the two-part test set forth in *Saucier v. Katz*, 553 U.S. 194 (2001): (1) has a constitutional right been violated; and (2) whether the right violated was clearly established. *Saucier*, 553 U.S. at 201. As stated above, whether a violation of Plaintiffs' Fourth Amendment rights has occurred is unclear at this time, but the Court need not examine the *Saucier* elements in the stated order. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Considering the second element, the jurisprudence relevant to Fourth Amendment seizures and detentions is clearly established. Unlike the First Amendment law with regard to videotaping police conduct (*see* R&R at 26-32), there is no ambiguity in the law of the Fourth Amendment. Because Defendants fail to establish this second element, the defense of qualified immunity does not apply.

Ultimately, genuine disputes of material fact remain as to the majority of Plaintiffs' claims at Count I for violations of their Fourth Amendment rights. Only as to Plaintiff Meyer's claim against Gallagher is there no evidence upon which a jury might reasonable find against the Defendants. Because the remaining claims at Count I will necessarily turn on questions of whether the Plaintiffs or their property were seized and whether the officers had sufficient justification for any seizures, Defendants' motions for summary judgment will be denied.

9

**II.    Remaining Recommendations of the R&R**

In addition the recommendations discussed above, Magistrate Judge Mannion's R&R also recommends that summary judgment be granted in favor of Defendants Mariano and Gallagher on counts II, IV(B),[2] V, VI, and on the claims for punitive damages.  None of the parties have objected to any of these recommendations, therefore, I need not conduct a *de novo* review of these findings.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).  After reviewing the R&R for clear error, I find none and adopt the remaining recommendations of the R&R.  Defendants' motions for summary judgment will be granted as to these issues.

**CONCLUSION**

For the reasons stated above, the recommendations of the Magistrate Judge in the R&R (Doc. 137) will be adopted.  Defendants Gallagher and Mariano's motions for summary judgment (Docs. 66, 69) will be granted in part and denied in part.  An appropriate order follows.

| May 10, 2010 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

---

[2] Plaintiffs' Complaint erroneously contains two Count IV.  I will adopt the same convention as used in the R&R, and refer to the first as Count IV(A) and the second as Count IV(B).  (Doc. 26.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BANKS, JUDY BANKS, ROGER MCCARREN, and LARRY MEYER, | (Consolidated) Civil Action No. 3:08-CV-1110 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| KAREN GALLAGHER, ANTHONY MARIANO, WILLIAM STADNITSKI, and DICKSON CITY BOROUGH, | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

*********************************************************************************

| | |
|---|---|
| EDWARD J. KRAFT, Jr., | |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| KAREN GALLAGHER, ANTHONY MARIANO, and DICKSON CITY BOROUGH, | (MAGISTRATE JUDGE MANNION) |
| Defendants. | |

## ORDER

**NOW**, this   10th   day of May, 2010, **IT IS HEREBY ORDERED THAT:**

(1)     The Report and Recommendation (Doc. 137) is **ADOPTED**.

(2)     Defendant Anthony Mariano's Motion for Summary Judgment (Doc. 66) is **GRANTED IN PART** and **DENIED IN PART** as follows:

     (a)     As to Plaintiffs' claims at Counts II, IV(B), V, and VI, the motion is **GRANTED**.

     (b)     As to claims for punitive damages, the motion is **GRANTED**.

     (c)     As to the remainder, the motion is **DENIED**.

(3) Defendant Karen Gallagher's Motion for Summary Judgment (Doc. 69) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   (a) As to Plaintiffs' claims at Counts II, IV(B), V, and VI, the motion is **GRANTED**.

   (b) As to Plaintiff Larry Meyer's claims at Count I, the motion is **GRANTED**.

   (c) As to claims for punitive damages, the motion is **GRANTED**.

   (d) As to the remainder, the motion is **DENIED**.

(4) The case is **RECOMMITTED** to Magistrate Judge Mannion for further proceedings.

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge